UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| WILLIAM C. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:17-cv-00152-WTL-MJD |
| | ) | |
| THOMAS R. KANE, | ) | |
| ACTING DIRECTOR OF THE BUREAU OF | ) | |
| PRISONS, in his official capacity, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Granting Defendant's Motion for Summary Judgment on Exhaustion
and Directing Entry of Final Judgment**

**I. Background**

Plaintiff William C. Davis ("Mr. Davis"), is a federal prisoner currently confined at the Federal Prison Camp ("FPC") in Terre Haute, Indiana. Mr. Davis filed his complaint on April 4, 2017, bringing a claim under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 702, 706, alleging that he should have been approved to be placed in a Residential Reentry Center or halfway house, for twelve months instead of nine.

Defendant Thomas R. Kane, Acting Director of the Bureau of Prisons ("BOP"), in his official capacity, filed a motion for summary judgment seeking resolution of the claim against him on the basis that Mr. Davis failed to exhaust his available administrative remedies. Mr. Davis opposed the motion for summary judgment and the defendant replied. For the reasons explained in this Entry, the defendant's motion for summary judgment, Dkt. No. 19, is **granted.**

## II. Discussion

*A.     Legal Standards*

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA'"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to

properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

It is the defendant's burden to establish that the administrative process was available to Mr. Davis. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted).

*B. Undisputed Facts*

On the basis of the pleadings and the expanded record, and specifically on the portions of that record which comply with the requirements of Rule 56(c), the following facts, construed in the manner most favorable to Mr. Davis as the non-movant, are undisputed for purposes of the motion for summary judgment:

The Federal Bureau of Prisons ("BOP") has promulgated an administrative remedy system which appears at 28 C.F.R. § 542.10, *et seq*., and BOP Program Statement 1330.18, Administrative Remedy Program ("P.S. 1330.18"), which was in effect at FPC Terre Haute during the entire time that Plaintiff was housed there. Dkt. No. 20-1, ¶ 4. The BOP administrative remedy process is a method by which an inmate may seek formal review of a

complaint related to any aspect of his imprisonment. 28 C.F.R. § 542.10. To exhaust his remedies, an inmate must typically first file an informal remedy request through an appropriate institution staff member via a BP-8 prior to filing a formal administrative remedy request with the Warden, Regional Director, and General Counsel. 28 C.F.R. § 542.13; P.S. 1330.18 at 4.

If the inmate is not satisfied with the response to his informal remedy (BP-8), he is required to address his complaint with the Warden via a BP-9. 28 C.F.R. § 542.14; P.S. 1330.18 at 4. An inmate is only permitted to include a single complaint or a reasonable number of closely related issues on the same form. 28 C.F.R. § 542.14(c)(2); P.S. 1330.18 at 5.

If the inmate is dissatisfied with the Warden's response, he may appeal to the Regional Director via a BP-10. 28 C.F.R. § 542.15; P.S. 1330.18 at 6-7. If he is dissatisfied with the Regional Director's response, then the inmate may appeal to the General Counsel via a BP-11. 28 C.F.R. § 542.15; P.S. 1330.18 at 7. An inmate who has filed administrative remedies at all required levels is deemed to have exhausted his administrative remedies as to the specific issues properly raised therein. *See* 28 C.F.R. § 542.15 ("Appeal to the General Counsel is the final administrative appeal."). Following exhaustion at all three administrative levels, the inmate may file a civil action in the proper United States District Court with respect to the issues properly addressed and exhausted at the administrative level. 42 U.S.C. § 1997e(a).

All BOP Program Statements are available for inmate access via the institution law library, including BOP Program Statement 1330.18. Dkt. No. 20-1, ¶ 5. Additionally, administrative remedy filing procedures are outlined in the Inmate Information Handbook, which is available at the inmate's respective BOP facility. Dkt. No. 20-1, ¶ 5; Dkt. No. 20-2, pp. 9-10.

Mr. Davis has been housed at FPC Terre Haute since November 14, 2016, and has been housed within the federal prison system since November 14, 2005. He acknowledges that he first

learned of the decision to place him in a Residential Reentry Center for nine months after he "was transferred to the Terre Haute Camp for medical reasons on November 15th of 2016" and that he learned of the decision "[a]t my first Team meeting in Terre Haute." Addendum to Complaint, dkt. 13, at 1. Therefore, to have exhausted his claim based on his Residential Reentry Center placement, he would have had to have filed an administrative remedy request after he arrived at FPC Terre Haute on November 14, 2016.

Mr. Davis submitted a BP-9, No. 903317, to the Warden regarding his Residential Reentry Center placement that was dated March 23, 2017, deemed filed on May 25, 2017, and denied on July 3, 2017. Dkt. No. 20-1, ¶ 10; dkt. 20-2, p. 26. The record shows that Mr. Davis did not complete any of the other steps in the administrative remedy process. He did not appeal to the Regional and Central Offices. *Id.* Mr. Davis filed his complaint in this action on April 4, 2017, less than two weeks after submitting his BP-9.

*C. Analysis*

It is undisputed that Mr. Davis did not complete the exhaustion process for Grievance 903317. He submitted the grievance, but he did not appeal to the next steps using a BP-10 or BP-11. He filed his complaint in this action before he received a response to his BP-9 and before it would have even been possible to fully complete the administrative remedy process.

While in his reply, Dkt. No. 24, Mr. Davis argues that the exhaustion requirement does not apply to the APA, and also requests that he be excused from the exhaustion requirement, in his surreply filed on September 6, 2017, Mr. Davis states that because his release date was September 27, 2017, he no longer wished to pursue his claim. He asked that the Court dismiss his case. Dkt. No. 26.

In light of the work that has already been put into briefing the issue of exhaustion, rather

than dismiss the action pursuant to Mr. Davis' request, the Court will issue its ruling on the defendant's motion for summary judgment. Mr. Davis' contention that the exhaustion requirement does not apply to APA claims lacks merit. *See Richmond v. Scibana,* 387 F.3d 602, 607 (7th Cir. 2004); *Staadt v. Bezy,* 119 Fed. Appx. 784 (7th Cir. Dec. 16, 2004). To the extent Mr. Davis sought a waiver from the exhaustion requirement, there are no circumstances under which the Court can accommodate that request in this case. The exhaustion requirement established by Congress is mandatory. *See Booth v. Churner,* 532 U.S. 731, 741 (2001) ("Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."). Moreover, to the extent Mr. Davis argues that he was told the process would be futile, that type of argument has been rejected as well. *King v. McCarty,* 781 F.3d 889, 893 (7th Cir. 2015) (Prisoners must comply with exhaustion requirements under the PLRA "even if he expects the process will ultimately be futile."). In sum, Mr. Davis has presented no admissible evidence sufficient to create a genuine issue of fact as to whether the process was available to him or as to whether he completed the exhaustion process before filing this action.

The consequence of Mr. Davis' failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that this action must be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice").

## III. Conclusion

It is undisputed that Mr. Davis did not complete the exhaustion process before filing this action. For the above reasons, the defendant's motion for summary judgment, Dkt. No. 19, is **granted.** Final judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/29/17

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

WILLIAM C. DAVIS
43390-060
TERRE HAUTE - FCI
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Electronically registered counsel